IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOWEN KNIGHT,**

        Petitioner,

v.                                                                                    Case No. 5:17cv154
                                                                                                                                                              (Judge Stamp)

**UNITED STATES OF AMERICA,**

        Respondent.

## REPORT AND RECOMMENDATION

On October 6, 2017, the *pro se* Petitioner, Dowen Knight, an inmate at USP Hazelton filed this Petition for Writ of Habeas Corpus challenging his conviction and sentence from the Superior Court of the District of Columbia. The petition was originally filed on this Court's form § 2254 petition. However, the form was not completed correctly, and inmates convicted of D.C. Code violations are not state prisoners. Accordingly, the Petitioner was issued a form § 2241 petition and directed to complete and file the same. ECF No. 8. When the Petitioner complied, the form § 2241 petition was inadvertently given a new civil action number. On September 21, 2018, the new case was closed, the filing fee paid was credited to this case, and the § 2241 petition was filed herein. ECF Nos. 11 & 12.

This matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make a proposed recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### I. **Conviction and Sentence**[1]

The Petitioner was tried by a jury from October 22, 2012, through October 24, 2012. The evidence at trial established that on November 7, 2009, the Petitioner robbed the La Casa De Morata liquor store and during that robbery, shot and killed the owner, Ms. Rufina Hernandez. On October 26, 2012, the jury found the Petitioner guilty of all counts.[2] The counts of conviction included first-degree felony murder while armed (second-degree burglary); first-degree felony murder while armed (armed robbery); and second-degree murder while armed. By order entered February 1, 2013, the Petitioner's sentences for each of his three murder convictions was the same: 630 months'

---

[1] The information contained in this section was taken from the Petitioner's criminal case 2011 CF1 20270 in the Superior Court for the District of Columbia, and in particular, the Government's Opposition to Defendant's [First] Motion Pursuant to D.C. Code § 23-110 filed on July 5, 2017, and the Court's Order, dated April 2, 2018, denying the Petitioner's *pro se* Motion also filed pursuant to § 23-110. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[2] In total, the Petitioner was convicted of the following: Count 1: second-degree armed burglary; Count 2: armed robbery; Count 3: first-degree felony murder while armed (second-degree armed burglary); Count 4: first-degree felony murder while armed (armed robbery); Count 5: second-degree murder while armed; Count 6: possession of a firearm during the commission of a crime of violence ("PFCV") (second-degree armed burglary); Count 7: PFCV (armed robbery); Count 8: PFCV (second-degree murder while armed); Count 9: PFCV (first-degree felony murder while armed--second-degree armed burglary); Count 10: PFC B (first-degree felony murder while armed--armed robbery); Count 11: possession of a firearm by a convicted felon; Count 12: carrying a pistol without a license. Count 5 was originally a charge for first-degree premeditated murder, but the jury found the petitioner guilty of second-degree murder while armed (a lesser offense of first-degree premeditated murder).

incarceration, with a mandatory minimum term of 30 years, and five years' supervised release.

On direct appeal, the Petitioner claimed that the trial court erred by: (1) not providing the defense theory jury instruction in its entirety; and (2) by admitting evidence that he had agreed to rob drug dealers before eventually robbing a liquor store. On August 15, 2014, the Court of Appeals for the District of Columbia affirmed the Petitioner's convictions but remanded for the trial court to vacate those convictions that merged.

On January 14, 2015, solely for merging outstanding convictions, the Superior Court entered an order merging and vacating one count of second degree burglary and three counts of possession of a firearm during a crime of violence ("PFCV"). The Petitioner's convictions for second-degree murder while armed and first-degree felony murder while armed (armed robbery) were also merged into his conviction for first-degree felony murder while armed (second-degree burglary). Because the Petitioner had received the same concurrent sentence for each count of murder, the Court's January 14, 2015 Order did not change his aggregate sentence.

On February 24, 2015, the Petitioner filed a motion for reduction of sentence. On March 19, 2015, the Superior Court denied the Petitioner's motion. The Court of Appeals denied the Petitioner's appeal of that order on June 29, 2016.

On April 19, 2016, the Petitioner filed his first Motion Pursuant to D. C. Code § 23-110. In that motion, the Petitioner claimed his trial attorney was constitutionally ineffective because he failed to object to the Court's felony murder instructions. During

3

the Petitioner's trial, the Court gave the following jury instruction for first-degree felony murder while armed: ([a]ny killing, even if done without the intent to kill and even if accidental, is murder in the first degree if done in committing or attempting to commit robbery while armed or second-degree burglary while armed." The Petitioner maintained that this instruction was erroneous because second-degree burglary is not an enumerated offense in the felony murder statute, D. C. Code § 22-2101. On January 3, 2017, the Superior Court denied the Petitioner's first § 23-110 motion.

In denying the motion, the Superior Court held that while second-degree burglary could not be the predicate for the Petitioner's felony-murder conviction, the Petitioner was not prejudiced by the error in the jury instructions for felony murder (second-degree burglary) because he was also convicted of second-degree armed murder and felony murder (armed robbery). The Court determined that the appropriate remedy for the error in the jury instruction was to reinstate either the felony murder (armed robbery) or second-degree armed murder conviction, and to dismiss the felony murder (second-degree burglary) conviction. As the Court explained, the "other two murder convictions were vacated only to effectuate a merger of the Petitioner's three convictions for murder; any two of the three convictions could have been vacated for this purpose." The Court concluded that "[b]ecause the [Petitioner's] other convictions are concededly valid, the appropriate remedy is to amend the order merging convictions to reflect that the second-degree murder conviction will stand, and the felony murder while armed (second-degree burglary while armed) count will be vacated." As with his original sentence, the Petitioner's sentences remained concurrent, and he remains

4

incarcerated for a total term of 630 months, with a mandatory minimum of 30 years' incarceration. According to the Bureau of Prisons inmate locator, the Petitioner's release date currently is September 12, 2057.

On April 3, 2017, the Petitioner filed a second § 23-110 motion. In it, the Petitioner claimed that: (1) the indictment was defective; (2) he was not given adequate notice of the charges against him; and (3) the prosecutor "interfered with the process of the Grand Jury." The motion was denied on April 2, 2018, upon a finding that the claims were procedurally defaulted. The Petitioner also raised two additional claims that were treated as Rule 35(a) claims: (1) his sentence was illegally increased; and (2) certain of his convictions should merge. The Court denied those claims as well. In particular, the Court found that while certain of his convictions were merged, his aggregate sentence never changed, and accordingly, his sentence and not been increased. In addition, although the Petitioner maintained that all his convictions should be merged. The Court could discern no basis to merge any of his previous unmerged convictions.

## II. Claims of Petition

In support of his petition filed with this Court, the Petitioner alleges ineffective assistance of counsel. Specifically, he alleges that his lawyer failed to consolidate or merge charges, failed to investigate the breaking and entering, failed to challenge the indictment and failed to challenge the "second or subsequent conviction under collateral estoppel." ECF No. 12 at 5. For relief, he asks this Court to "take the time off for the Dropped Burglary while armed and the rest of the charges that [were] dropped." Id. at 8.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to habeas relief, and therefore, no response has been required of Respondent.

### IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform

6

and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-110(g) provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this Petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.) (*per curiam*), *cert denied*, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

7

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one.**" Blair-Bey, supra at 1042 (emphasis added.)  In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977).  In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully.  430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted).  Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, supra at 1042. The District of Columbia Court of Appeals has recognized that Section 23-110 "is nearly identical and functionally equivalent to [28 U.S.C.] § 2255," and courts may properly "rely on cases construing the federal rule" when applying and interpreting Section 23-110. Butler v. United States, 388 A.2d 883, 886 n.5 (D.C. Cir. 1978).

Therefore, determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review."  Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255").  Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when all three if the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

To the extent that the Petitioner is attempting to attack his conviction with claims of ineffective assistance of counsel, he has not demonstrated and cannot demonstrate that Section 23-110 was inadequate or ineffective such that he could resort to Section 2241. The Petitioner was convicted of numerous crimes under the D.C. Code, and there

9

is no indication that any crime for which he was convicted is no longer a crime. Furthermore, to the extent the Petitioner argues he was subject to double jeopardy because of a "multiplicitous indictment," he could have raised this claim either in his direct appeal or in his § 23-110 motion but failed to do so.

In addition, to the extent that the Petitioner is challenging his sentence, the Petitioner again fails to state a claim for relief. When contesting a sentence through a petition filed under § 2241, a D.C. inmate must still establish that Section 23-110 was inadequate or ineffective, which again requires him to meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id.

In the instant case, the Petitioner apparently misunderstands the results of his sentencing following his direct appeal and first § 23-110 motion. Although various

10

counts were merged, and his felony murder (second-degree burglary) was vacated, his other murder convictions were valid. Because the sentence for each murder conviction was the same, his sentence of 630 months, with a mandatory minimum of 30 years' incarceration remains valid even though one count of felony murder was vacated.

In summary, the Petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his conviction or sentence. His lack of success on a prior collateral motion does not render his local remedy inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommended that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because it does not demonstrate

that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of Petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 18, 2019

                                         /s/ *James P. Mazzone*
                                         JAMES P. MAZZONE
                                         UNITED STATES MAGISTRATE JUDGE