IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DOWEN KNIGHT,

      Petitioner,

v.                                    Civil Action No. 5:17CV154
                                                    (STAMP)
UNITED STATES OF AMERICA,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

## I.  Procedural History

The pro se[1] petitioner, Dowen Knight, filed a petition for
writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 12.
The petitioner is currently incarcerated at USP Hazelton in
Bruceton Mills, West Virginia.   In his petition, petitioner
challenges his conviction and sentence from the Superior Court of
the District of Columbia alleging ineffective assistance of
counsel. ECF No. 12.   Specifically, petitioner alleges that his
lawyer failed to consolidate or merge charges, failed to
investigate the breaking and entering, failed to challenge the
indictment and failed to challenge the "second or subsequent
conviction under collateral estoppel."   ECF No. 12 at 5.   For
relief, the petitioner requests this Court "take the time off for

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1416 (10th ed. 2014).

the Dropped Burglary while armed and the rest of the charges that [were] dropped."  ECF No. 12 at 8.

This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone.  Magistrate Judge Mazzone issued a report and recommendation (ECF No. 21) recommending that the petitioner's petition (ECF No. 12) be denied and dismissed without prejudice. The petitioner did not file objections to the report and recommendation.  For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### III.  Discussion

In his report and recommendation, the magistrate judge correctly noted that in the instant case, "[t]o the extent that the Petitioner is attempting to attack his conviction with claims of ineffective assistance of counsel, he has not demonstrated and cannot demonstrate that Section 23-110 was inadequate or ineffective such that he could resort to Section 2241." ECF No. 21 at 9.  The magistrate judge determined that petitioner was convicted of numerous crimes under the District of Columbia Code, and there is no indication that any crime for which he was convicted is no longer a crime, and further found that to the extent that the petitioner is challenging his sentence, the petitioner fails to state a claim for relief. ECF No. 21 at 9-10. Upon review, the magistrate judge concluded that the petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his conviction or sentence, and that this Court is without jurisdiction to consider the petition.  ECF No. 21 at 11.  Thus, the magistrate judge recommended that the petitioner's petition (ECF No. 12) be denied and dismissed without prejudice because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.  ECF No. 21 at 11-12.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 21) is AFFIRMED and ADOPTED in its entirety. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 12) is DENIED and DISMISSED WITHOUT PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     May 7, 2019


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE